## BALTIMORE AND OHIO RAILROAD COMPANY ET AL. *v.* WABASH RAILROAD COMPANY.

[No. 4,276. Filed May 26, 1903.]

RAILROADS.—*Crossings.*—Where a railroad in process of construction commences proceedings to acquire the right to cross the tracks of an established operating railroad, the crossing over grade, under grade, or at grade, refers to the crossing by the new road of the old. *pp. 207, 208.*

SAME.—*Crossings.*—Pending a proceeding by plaintiff to condemn a crossing over the tracks and right of way of defendant an agreement was entered into by the parties to submit to commissioners the question whether a grade or over-grade crossing should be established. *Held,* that a crossing by carrying the tracks of plaintiff under the tracks of defendant was not within the meaning of the agreement of submission. *pp. 202–208.*

SAME.—*Crossings.*—*Agreement.*—Railroads have the right to agree as to the manner of making crossings and proceed with the work without going into court, and may, when a proceeding is brought in court to establish a crossing, agree upon the terms under which their respective rights shall be determined, and an agreement so entered into, will, in the absence of fraud, be enforced. *pp. 208–210.*

From DeKalb Circuit Court; *P. V. Hoffman,* Special Judge.

Proceeding by the Wabash Railroad Company to obtain a crossing over the tracks of the Baltimore & Ohio Railroad Company. From a judgment establishing the crossing, defendant appeals. *Affirmed.*

*J. H. Collins, M. Winfield, J. E. Rose, J. H. Rose, W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellant.

*E. P. Hammond, W. V. Stuart, D. W. Simms* and *A. C. Harris,* for appellee.

HENLEY, J.—This was a proceeding under the general railroad act, commenced in the DeKalb Circuit Court, by the appellee, for the purpose of condemning a crossing over the track and right of way of appellant, the Baltimore & Ohio & Chicago Railroad Company, being operated by the appellant, the Baltimore & Ohio Railroad Company. The point of crossing being in DeKalb county.

Appellee filed its instrument of appropriation in the office of the clerk of DeKalb county on the 21st day of April, 1901, and in addition to the instrument of appropriation, appellee filed its petition in the clerk's office, wherein it recited the instrument of appropriation, and that it desired and proposed to make such condemnation, and asked that the court, or judge thereof in vacation, appoint three appraisers to assess the damages. In addition to the appellant railway companies, the United States Trust Company of New York and John A. Stewart, trustees, were made defendants. Proper notice was served upon the defendants to the action of the time and place where the same would be heard. On the 23d day of September, 1901, the hearing was commenced before a special judge, the regular judge being incapacitated on account of sickness. After the matter had been partially heard, plaintiff and defendant railway companies, appellants and appellee in this court, entered into an agreement, which, omitting the parts not necessary to be considered in disposing of this appeal, was in the following words:

"State of Indiana, DeKalb County, ss. In the DeKalb Circuit Court. The Wabash Railroad Company v. The Baltimore & Ohio Railroad Company and the Baltimore & Ohio & Chicago Railroad Company, and the

United States Trust Company of New York and John A. Stewart, of New York, Trustees. Before Hon. P. V. Hoffman, special judge in vacation. Pending said proceedings before said judge, it is hereby agreed between said plaintiff, the Wabash Railroad Company, and said defendants, the Baltimore & Ohio Railroad Company and the Baltimore & Ohio & Chicago Railroad Company, in settlement of all matters in dispute ·in said proceeding, that said special judge shall, within twenty days of this date, appoint three disinterested commissioners, expert, railroad civil engineers, one of such commissioners to be named by said plaintiff the Wabash Railroad Company within ten days of this date, and one of such commissioners to be named by said defendants, the Baltimore & Ohio Railroad Company and the Baltimore & Ohio & Chicago Railroad Company within ten days of this date, and the two commissioners so named by said parties to select the other commissioner, or, upon the failure of said two commissioners, so selected by said parties, to choose a third commissioner within said time, then said special judge to appoint such third commissioner, to be an expert railroad civil engineer, impartial and disinterested. And said parties making this agreement hereby waive all questions as to the residence or proper qualifications of said commissioners.

"It is further agreed that a certified copy of this agreement, and the order of the special judge thereon shall be issued by the clerk of the DeKalb Circuit Court of Indiana, under his hand and the seal of said court, to such commissioners on their appointment; that said commissioners shall take an oath before some officer qualified to administer oaths that they will faithfully and impartially discharge their duties; that said commissioners, at some time not more than twenty days after their appointment, shall, in company with one representative of said plaintiff, and one representative of both of said defendants, the Baltimore & Ohio Railroad Company and the Baltimore & Ohio & Chi-

cago Railroad Company, proceed to examine the proposed crossing mentioned in the instrument of appropriation herein of said plaintiff, and shall make such examinations, levels and surveys of said place and vicinity as shall enable them to make a report that will do fair and impartial justice to all the parties herein; that in their report said commissioners shall find and report whether an over-grade crossing at the place in question by said plaintiff will be reasonable and practicable, and, if they shall so find, they shall report that said plaintiff shall construct and maintain an over-grade crossing at said place, and shall also, in such event, assess the damages that said defendant railroad companies will sustain on account of such over-grade crossing; the length, width, and height of such over-grade crossing to be determined by such commissioners, and stated in their report, which report shall be filed within ten days of their said meeting.

"But if said commissioners shall find that an over-grade crossing at said place is not reasonable and practicable, they shall so state in their report, and in such case shall find that a crossing at grade should be established at said place, and shall assess the damages which said defendants shall sustain by reason of such grade crossing; that in case said commissioners should find and report that there should be a grade crossing, they shall assess damages on the theory that an interlocking plant shall be constructed, maintained, and operated at said place, wholly at the expense of said plaintiff the Wabash Railroad Company; said interlocking plant to be upon plans and specifications that shall be approved by the Auditor of the State of Indiana.    *    *    *

"It is further agreed between the parties that said commissioners on completing their report as herein provided, shall file the same with the clerk of the DeKalb Circuit Court of Indiana, and such report shall be final and conclusive upon all the parties herein, without any right of exception thereto or appeal therefrom, and that such report if made

during a term of the said DeKalb Circuit Court, shall be entered in full upon the records of said court, and the said court shall enter a decree thereon accordingly, or, if not filed during a term of said court, that like proceedings shall be had at the first term of said court thereafter.

"It is further agreed by the parties that all the expense herein, including such reasonable compensation for said commissioners as shall be allowed by said DeKalb Circuit Court, shall be paid by said plaintiff, and also that all damages, if any, which shall be assessed by said commissioners, either for a grade, or over-grade crossing, shall be paid by said plaintiff the Wabash Railroad Company, to the clerk of the DeKalb Circuit Court, within thirty days after said commissioners shall have made and filed their said report.   *   *   *

"In witness whereof, said parties, by their attorneys, engaged in said proceedings, have signed this agreement in triplicate this 24th day of September, 1901.   The Wabash Railroad Company, by Stuart, Hammond & Simms, Attorneys for said company.   The Baltimore & Ohio Railroad Company, The Baltimore & Ohio & Chicago Railroad Company, by J. H. Collins, and J. E. & J. H. Rose, Attorneys for said companies."

Under this agreement the parties named their respective commissioners, who selected a third, and the three were appointed by the court, and qualified and entered upon their duties under an order of the court drafted and agreed to by all the parties to the action, and entered upon the records of the court; being based in all respects upon the foregoing agreement of said parties.   Afterward, and before the commissioners reported, appellants moved the court to strike out and expunge from its order the phrase, "constructed by carrying the tracks of said plaintiff [appellee] company over the tracks of said defendant [appellant] company."   This motion the court overruled.   Afterward on the 16th day of October, 1901, the commission-

ers, so appointed, filed in the clerk's office their report, which, omitting that unnecessary to be considered here, was as follows: "The undersigned commissioners having been selected and appointed in accordance with the agreement of said parties embraced in said proceedings, and having received from the clerk of the DeKalb Circuit Court a certified copy of the proceedings in said cause, and having been duly qualified as provided in said proceedings, respectfully report to the court: * * * (2) That, after having fully informed ourselves of all the facts in the controversy between the parties, as stipulated in said agreement of said parties and said order of the special judge of said court, we report that at said proposed crossing of the railroad of said plaintiff with the railroad of said defendants at the place mentioned in said instrument of appropriation, we find that an over-grade crossing at said place, constructed by carrying the tracks of said plaintiff, the Wabash Railroad Company, over the tracks of the said defendant companies, will not be reasonable and practicable. (3) We further find that for the construction of a grade crossing at the place specified in said instrument of appropriation, and for the rights and privileges appropriated by said plaintiff in its said instrument of appropriation, said defendants will be damaged in the sum of $12,000. Witness our hands this 15th day of October, 1901. W. E. Dauchy, G. W. Vaughn, H. F. Baldwin, Commissioners.

"The commissioners, having made the above report in accordance with the instructions of the court, will further state that they have not considered a plan of crossing which would take the tracks of said plaintiff the Wabash Railroad Company underneath the tracks of said defendant companies, as the instructions of the court precluded such consideration. They are of the opinion, however, that such a means of crossing would be reasonable and practicable. Witness our hands this 15th day of October, 1901. W. E. Dauchy, G. W. Vaughn, H. F. Baldwin, Commissioners."

Thereupon the court rendered judgment upon the report of the commissioners, establishing a crossing at grade, and reduced to a decree and judgment the provisions of the written agreement of said parties filed herein on September 24, 1901.

Appellants moved that the judgment and decree be modified "so as to provide for the construction at the point of intersection of the plaintiff's railroad with the railroad of the defendant companies of an overhead crossing, constructed by carrying the tracks of the plaintiff's said railroad underneath the tracks of the railroad of the defendants at said point." Before judgment was entered, and after the report of the commissioners was filed, appellants filed a written motion that the court "pronounce and render judgment in the above entitled cause upon the report of the commissioners filed herein, to the effect that an overhead crossing at the point of intersection of the plaintiff's railroad and the railroad of defendants, constructed by carrying the tracks of the plaintiff's railroad underneath the tracks of the railroad of the defendants, is reasonable and practicable, and to adjudge that an over-grade crossing constructed in said manner should be established and constructed at said point." Both motions were overruled by the trial court. Appellee's pleadings are not attacked by counsel for appellants in their brief.

The sole and only question presented by this appeal is as to whether under the agreement of the parties, and under the report of the commissioners the trial court erred in decreeing a crossing at grade. It is the contention of appellants that, with the information before him, which the report of the commissioners contained, it was the duty of the judge, and, under the statute, mandatory, to establish a crossing other than one at grade, and that this be done without regard to the agreement entered into by the parties to this action. It is well enough here to remark that when a railroad, in process of building, commences proceedings

to acquire the right to cross the tracks of an established operating railroad, the crossing over grade or under grade or at grade refers to the crossing by the new road of the old; and the argument of appellants' counsel that an over-grade crossing, by carrying the tracks of the appellee company under the tracks of the appellant companies, is within the meaning of the agreement, is without merit. No such construction can, within reason, be given to the language there employed. Subdivisions five and six of §5153 Burns 1901, confer on railroad companies the right to cross the track and right of way of other railway companies. In this same connection the legislature of 1897 (Acts 1897, p. 237, §5158a Burns 1901) provided: "That where it becomes necessary for the track of one railroad company to cross the track of another railroad company, unless the manner of making such crossings shall be agreed to between such companies, it shall be the duty of the circuit court of the county wherein such crossing is located, or the judge thereof in vacation, to ascertain and define by its decree the mode of such crossing which will inflict the least practicable injury upon the rights of the company owning the road which is intended to be crossed; and if in the judgment of such court it is reasonable and practicable to avoid a grade crossing, it shall by its process prevent a crossing at grade."

A condition precedent to the exercise of the power to appropriate a right of way by a railroad company across the tracks of another railroad company is an effort to agree upon these points, viz., compensation, point of crossing, and manner of crossing. The effort to agree upon these three material points, or a waiver of an agreement, must be directly averred before the company asking the right of way is entitled to the machinery of the courts to enforce its demand. *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.*, 116 Ind. 578. A careful study of the sections of the statute above referred to can not fail to impress one with

the idea that the intention of the lawmakers was to protect the company owning the road intended to be crossed, so that the least possible interference with its traffic might result from the crossing. This view of the matter is clearly and plainly expressed in §5158a, *supra,* by which the court is directed, "to ascertain and define by its decree the mode of such crossing which will inflict the least practicable injury upon the rights of the company owning the road which is intended to be crossed." To such an extent must the rights of such company be protected, that the court is directed to compel, if practicable, the company seeking the crossing to go under or above the grade, and pay all costs, expenses, and damages. The statute does not make it a question of public policy, but a question of interference with vested rights—the taking of the property of another, and damages occasioned by such taking, caused in cases of this kind, in part, by interrupting and delaying the traffic on the road, etc.

The advisability of reducing the number of, or entirely abolishing, grade crossings, can not be questioned, either from the standpoint of business or public policy; but it was certainly not intended by the statutes now in force, governing this subject, that the determination of the question should be arbitrarily taken from the interested companies, and exercised by the State under its police power for the protection of its citizens. Such view is entirely and absolutely inconsistent with the settled law in cases of this kind—that it is only after all efforts to agree have failed that the aid of the courts can be invoked. The parties in this case had a right to agree as to the manner of making the crossing, and proceed with the work without going into court. Such an agreement would not have been contrary to the statute, nor contrary to public policy; and it can not be said with any show of reason that the commencement of an action to enforce a right given by statute could have the effect of causing the doing of a certain act, which might

have been legally done theretofore, to become unlawful and against public policy, and its performance by agreement prohibited. We are certain that the parties to this action had a right to agree upon the terms under which their respective rights should be determined. This they did in a plain and unambiguous contract. Neither fraud nor misrepresentation of any kind is alleged, and the record shows upon its face that appellants knew that the contract eliminated an under-grade crossing, and that the order of the court to the commissioners was prepared and approved by the attorneys for all the parties before being entered and signed by the judge. The trial court simply enforced the plain agreement entered into by appellants. They ought not to complain.

The judgment is affirmed.